# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>GREGORY J. OLSON,<br><br>    Defendant | Case No.: 2:12-cr-00327-APG<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>[ECF No. 199, 201, 208, 210] |

Defendant Gregory Olson pleaded guilty to committing wire fraud, in violation of 18 U.S.C. §1343, and four counts of filing a false and fraudulent tax return, in violation of 26 U.S.C. § 7206.

Olson asserts that, prior to being indicted, the government transmitted a plea offer to a defense attorney who was "pending appointment" to represent him. The defense counsel responded to the government's offer by requesting that the government provide some discovery, which the government declined to do (indicating the defendant was "the best historian of the facts"). The defense counsel replied that this rendered impossible her task of counseling the defendant regarding the plea. Olson alleges defense counsel neither contacted him regarding the plea offer nor discussed the offer with him.

Olson moves to vacate his convictions, arguing (a) his counsel was ineffective for failing to communicate the government's written pre-indictment plea offer to him, and (b) the government's failure to provide his counsel with discovery violated his due process rights by interfering with his relationship with his counsel. ECF No. 199. He also moves for appointment of counsel (ECF No. 201) and for the production of discovery and his file (ECF Nos. 208, 210). Because the Sixth Amendment does not guarantee the right to counsel in this situation, Olson

cannot prevail on his motion to vacate his convictions. I therefore deny that motion. I also deny his related motions for counsel and discovery as moot.

**Background**

In late June 2012, the government sent a letter to Olson indicating that he was the target of a grand jury investigation. The government further stated that Olson should have his lawyer contact the prosecutor if he was "interested in resolving this matter short of an Indictment." The prosecutor added that Olson should contact a deputy clerk for this District Court if he could not afford an attorney. The letter concluded that the matter against Olson would proceed in the ordinary course if contact was not made before July 27, 2012.

By no later than August 13, 2012 (and prior to Olson being indicted), a federal public defender talked with both Olson and the prosecutor regarding the matter. Her notes indicate her familiarity with the government's target letter. On August 29, 2012, the prosecutor initiated an e-mail exchange with defense counsel that included a recitation of a plea offer and indicated it would expire on August 31, 2012. The prosecutor asserted several times in this e-mail exchange his belief that defense counsel had taken the position that she would not deliver the offer to Olson. Defense counsel responded by noting she could not meet her obligation to counsel with Olson regarding the plea offer without first obtaining some discovery from the government that she had previously requested. She further stated, "[s]o that the record is clear, I have never taken the position that I would not convey the offer to my client. The offer has been communicated. As stated previously, based on your failure to provide information regarding this case, my client is not in a position to accept or reject the offer." The e-mail exchange ended when defense counsel communicated to the prosecutor that Olson wanted to plead guilty to a misdemeanor.

The prosecutor responded that he interpreted this as a rejection of the plea offer and, as a result, the offer was no longer open.

On September 5, 2012, a federal grand jury indicted Olson on one count of wire fraud and four counts of tax evasion. On May 9, 2016, Olson pleaded guilty to all five charges. As part of his plea, Olson waived his right to appeal any "aspect of the conviction or sentence and any order of restitution or forfeiture," and further waived "all collateral challenges, including any claims under 28 U.S.C. §2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."

**Analysis**

The parties dispute whether defense counsel conveyed the pre-indictment plea offer to Olson and counseled him about it. That dispute is irrelevant because Olson did not have a Sixth Amendment right to effective counsel during the pre-indictment plea negotiation. As stated long ago by the Supreme Court of the United States, "it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois*, 406 U.S. 682, 688 (1972). The right attaches upon "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id*. at 689. "[I]t does not attach until a prosecution is commenced." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991).

> That interpretation of the Sixth Amendment right to counsel is consistent not only with the literal language of the Amendment, which requires the existence of both a "criminal prosecutio[n]" and an "accused," but also with the purposes which we have recognized that the right to counsel serves. We have recognized that the "core purpose" of the counsel guarantee is to assure aid at trial, "when the

3

> accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor."

*United States v. Gouveia*, 467 U.S. 180, 188-89, (1984) (*quoting United States v. Ash*, 413 U.S. 300, 309 (1973)). As the Supreme Court further noted in *Gouveia*:

> Although we have extended an accused's right to counsel to certain critical pretrial proceedings, . . . we have done so recognizing that at those proceedings, the accused [is] confronted, just as at trial, by the procedural system, or by his expert adversary, or by both, . . . in a situation where the results of the confrontation might well settle the accused's fate and reduce the trial itself to a mere formality.

*Id.*, at 189 (quotations and internal citations omitted). Such a critical pretrial proceeding extends to a person's "first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 194 (2008). Though some pretrial proceedings are "critical" in the criminal prosecution, the right to counsel does not attach because those proceedings are critical, but because the criminal prosecution has already been initiated against the accused.

Olson counters that the target letter he received from the government "crosse[d] the line" and was the "initiation of Olson being confronted with the intricacies of the criminal law and with the public prosecutor entitling him to a Sixth Amendment right to counsel." He further argues that the Supreme Court has recognized that defendants have a Sixth Amendment right to effective assistance of counsel during the plea bargain process, citing *Missouri v. Frye*, 566 U.S. 134, 143-44 (2012) and *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). The Supreme Court recognized in *Frye* that "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth

Amendment requires in the criminal process at critical stages." 566 U.S. at 143. The Supreme Court also stated in *Lafler* that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." 566 U.S. at 168.

Both *Frye* and *Lafler*, however, concern the right to counsel during post-indictment plea negotiations. As noted by the Ninth Circuit, the "[r]ight to counsel cases in general . . . involve incidents that occurred *after* the initiation of adversary criminal proceedings and that arose during a critical, *post*-indictment proceeding." *United States v. Hayes*, 231 F.3d 663, 669 (9th Cir. 2000) (*en banc*) (emphasis original). Though *Frye* and *Lafler* establish that defendants have a Sixth Amendment right to effective counsel during post-indictment plea negotiations, neither case establishes that a pre-indictment formal plea offer initiates a "criminal prosecution" in which a person stands "accused."

The Sixth Circuit examined a similar situation in *United States v Moody*, 206 F.3d 609 (6th Cir. 2000). There, Moody cooperated with authorities in a drug conspiracy investigation, and was offered a pre-indictment plea deal. After consultation with a lawyer, Moody rejected the offer. He later was indicted, pleaded guilty, and was sentenced to a custodial term longer than he would have received under the first plea offer. He moved to set aside his sentence under 28 U.S.C. § 2255, asserting he was deprived of his Sixth Amendment rights by the ineffective assistance of his original counsel in evaluating the first offer. The district court agreed and resentenced him to a lesser custodial term.

On appeal, the Sixth Circuit examined Supreme Court precedent as to when the right to counsel attaches. The court recognized that the Supreme Court has established "a bright line test, . . . a mandate that 'the Sixth Amendment right to counsel does not attach until after the initiation of formal charges.'" 206 F.3d at 614 (quoting *Moran v. Burbine*, 475 U.S. 412, 431

(1986)). The Sixth Circuit panel struggled with the perceived injustice that such a bright line test can create:

> We do not favor this bright line approach because it requires that we disregard the cold reality that faces a suspect in pre-indictment plea negotiations. There is no question in our minds that at formal plea negotiations, where a specific sentence is offered to an offender for a specific offense, the adverse positions of the government and the suspect have solidified. Indeed, it seems a triumph of the letter over the spirit of the law to hold that Moody had no right to counsel in his decision to accept or deny the offered plea bargain only because the government had not yet filed formal charges. We are faced with the ponderable realization that this is an occasion when justice must of necessity yield to the rule of law, and therefore we must REVERSE the district court's order and reinstate the original sentence.

206 F.3d at 615–16.[1] I agree with that court's concerns, but likewise must follow the rule of law. This bright-line "rule is not mere formalism, but a recognition of the point at which the government has committed itself to prosecute, the adverse positions of government and defendant have solidified, and the accused finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Rothgery*, 554 U.S. at 198 (quotations and citation omitted).

Here, Olson contends that his Sixth Amendment right to effective counsel was violated because his counsel did not communicate the government's written pre-indictment plea offer to him. The government expressly stated it would seek an indictment if the offer was rejected. Consistent with that statement, the government indicted Olson, and thus initiated the criminal prosecution against him, on September 5, 2012. Accordingly, Olson's claim that his Sixth Amendment right to counsel was violated fails because he did not have that right during the pre-

---

[1] The Sixth Circuit has at least twice reaffirmed *Moody*, most recently in *Turner v. United States*, 885 F.3d 949 (6th Cir. 2018) (en banc), cert. denied, No. 18-106, 2019 WL 2570664 (U.S. June 24, 2019).

6

indictment plea negotiation. As with *Moody*, this seems to elevate "the letter over the spirit of the law," but I must follow precedent and deny Olson's claim.

I must also deny Olson's related ground for relief that the government violated his Fifth Amendment right to due process by failing to provide discovery to his counsel prior to the expiration of the pre-indictment plea negotiation. In pleading guilty, Olson "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." The Ninth Circuit dismissed Olson's appeal "in light of the valid appeal waiver." Accordingly, Olson validly waived his right to collaterally challenge his conviction and sentence except for a claim of ineffective assistance of counsel. To the extent that Olson's Fifth Amendment claim is derivative of his claim that his Sixth Amendment rights were violated during the pre-indictment plea negotiation, the claim fails as Olson's Sixth Amendment right to counsel had not yet attached during that pre-indictment plea negotiation.

Finally, because I am denying Olson's § 2255 motion as a matter of law, I also deny as moot his related motions for appointment of counsel (ECF No. 201) and production of documents (ECF Nos. 208, 210).

**Certificate of Appealability**

To appeal this order, Olson must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain that certificate, Olson "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

7

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). In light of *Turner v. United States*, 885 F.3d 949, 951 (6th Cir. 2018) (en banc), cert. denied, No. 18-106, 2019 WL 2570664 (U.S. June 24, 2019), I find that reasonable jurists could debate whether a person can be denied effective counsel during a pre-indictment plea negotiation.

In *Turner*, the defendant had been indicted in state court and had hired counsel to defend him. When counsel learned that the federal government also intended to indict and prosecute his client, he contacted the Assistant United States Attorney who both confirmed that the federal government intended to indict his client and conveyed a pre-indictment plea offer. While the *en banc* court held that the Sixth Amendment right to counsel did not attach to the pre-indictment plea negotiation, four judges on that panel dissented, arguing that the *Kirby* lines of cases did not establish a bright-line rule that precluded the attachment of a right to counsel to a pre-indictment plea negotiation.[2] Though the Supreme Court denied *certiorari*, *Turner* suggests that reasonable jurists could debate whether the Sixth Amendment right to counsel attaches to a written pre-indictment plea offer and negotiation. Accordingly, I will grant a certificate of appealability solely as to the issue whether a Sixth Amendment right to effective counsel attaches to a pre-indictment formal plea offer and negotiation.

IT IS THEREFORE ORDERED that defendant Gregory J. Olson's motion under 28 U.S.C. §2255 **(ECF No. 199) is DENIED**.

---

[2] A few other judges (including the author of *Moody*) concurred in the judgment but expressed doubt about the rationale of the precedents.

IT IS FURTHER ORDERED that Olson's motions for appointment of counsel **(ECF No. 201)** and production of discovery and his file **(ECF Nos. 201, 210) are DENIED AS MOOT**.

IT IS FURTHER ORDERED that Olson's request for a certificate of appealability is GRANTED solely as to the issue whether a Sixth Amendment right to effective counsel attaches to a pre-indictment formal plea offer and negotiation.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a separate civil judgment denying Olson's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-1995-APG.

DATED this 1st day of August, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE